UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LARRY M. W.,

                **Plaintiff,**

v.                                          5:21-CV-765 (NAM/DEP)

COMMISSIONER OF SOCIAL SECURITY,

                **Defendant.**
_____

**Appearances:**

Howard D. Olinsky, Esq.
Matthew McGarry, Esq.
250 South Clinton Street, Suite 210
Syracuse, NY 13202
*Attorneys for Plaintiff*

Molly Carter, Esq.
Daniel S. Tarabelli, Esq.
6401 Security Boulevard
Baltimore, MD 21235
*Attorneys for Defendant*

**Hon. Norman A. Mordue, Senior United States District Judge:**

## MEMORANDUM-DECISION & ORDER

### I.    INTRODUCTION

On July 6, 2021, Plaintiff commenced this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to challenge a decision by the Defendant Commissioner of Social Security that he was not disabled and thus ineligible for Social Security Disability Insurance benefits. (Dkt. No. 1). After briefing by the parties, the matter was referred to United States Magistrate Judge David E. Peebles for the issuance of a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3(d).

1

On September 1, 2022, Magistrate Judge Peebles issued a Report-Recommendation, which recommended that: Plaintiff's motion for judgment on the pleadings be denied; Defendant's motion for judgment on the pleading be granted; and the Commissioner's decision be affirmed. (Dkt. No. 20). Plaintiff has filed timely objections to the Report-Recommendation. (Dkt. No. 21). Defendant has responded to Plaintiff's objections and urges the Court to adopt the Report-Recommendation. (Dkt. No. 22). For the reasons below, the Report-Recommendation is adopted in its entirety.

## II.   STANDARD OF REVIEW

The Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). Findings and recommendations without a properly preserved objection are reviewed for clear error. *Id*.

## III.   DISCUSSION

As brief background, Administrative Law Judge Robyn L. Hoffman ("the ALJ") found that Plaintiff has two severe impairments: 1) a history of pleural empyema; and 2) a history of acute kidney injury. (R. 13). Next, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a regulatory listing. (*Id.*). Then the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a range of sedentary work, as defined in 20 C.F.R. § 404.1567(a). Specifically, the ALJ found that:

> [Plaintiff] can occasionally lift and carry ten pounds; sit for approximately six hours; and stand or walk for approximately two hours, all in an eight-hour workday with normal breaks. He should avoid exposure to excessive amounts of respiratory irritants such as dust, odors, fumes, gases, and extreme hot and cold temperatures.

(R. 13). Ultimately, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (R. 16). Therefore, the ALJ concluded that Plaintiff was not disabled, as defined in the Social Security Act. (R. 17).

### A. The Parties' Arguments

Plaintiff objects to the finding by Magistrate Judge Peebles that the ALJ did not err by failing to obtain testimony from a vocational expert. (Dkt. No. 21, p. 1). Specifically, Plaintiff contends that the environmental restrictions in his RFC affected his ability to do sedentary work, and therefore, the ALJ could not rely only on the Medical-Vocational Guidelines (the "Grids"). (*Id.*, pp. 2–5). In response, the Commissioner argues that Magistrate Judge Peebles correctly found that Plaintiff's environmental limitations "would not significantly erode the sedentary occupational base," and therefore, the ALJ was not required to call a vocational expert. (Dkt. No. 22, pp. 2–5).

### B. Applicable Law

At the fifth step of the process for evaluating disability, "the Commissioner bears the responsibility of proving that plaintiff is capable of performing other jobs existing in significant numbers in the national economy in light of plaintiff's RFC, age, education, and past relevant work." *Stephens v. Colvin*, 200 F. Supp. 3d 349, 362 (N.D.N.Y. 2016) (citing 20 C.F.R. §§ 20 C.F.R. §§ 404.1560(c), 416.960(c)). The Commissioner can meet this burden by applying the Grids, which take into account the plaintiff's RFC in conjunction with his age, education, and work experience. *Id.* (citations omitted). The Grids classify work into five categories based on the exertional requirements of different jobs: sedentary, light, medium, heavy, and very heavy. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2.

3

However, "the ALJ cannot rely on the Grids if a non-exertional impairment has any more than a 'negligible' impact on a claimant's ability to perform the full range of work, and instead must obtain the testimony of a vocational expert." *Selian v. Astrue*, 708 F.3d 409, 421 (2d Cir. 2013) (citing *Zabala v. Astrue*, 595 F.3d 402, 411 (2d Cir. 2010)). "A nonexertional impairment is non-negligible 'when it . . . so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity.'" *Id.* (citing *Zabala*, 595 F.3d at 411).

### C. The ALJ's Analysis

The ALJ found that Plaintiff had the RFC to perform a range of sedentary work, with some environmental limitations: "[h]e should avoid exposure to excessive amounts of respiratory irritants such as dust, odors, fumes, gases, and extreme hot and cold temperatures." (R. 13). At step five, the ALJ noted that if Plaintiff had the RFC to perform the full range of sedentary work, then considering his age, education, and work experience, a finding of not disabled would be directed by Rule 201.27 of the Grids. (R. 17). The ALJ then decided that the environmental limitations assessed for Plaintiff "have little or no effect on the occupational base of sedentary work." (*Id.*). In reaching this conclusion, the ALJ cited Social Security Rulings 96-9P and 85-15. (*Id.*). Thus, the ALJ used the Grids to find Plaintiff not disabled. (*Id.*).

### D. The ALJ Did Not Err

The term "occupational base" means the approximate number of occupations that an individual has the RFC to perform. See <u>Titles II and Xvi: Determining Capability to Do Other Work-the Med.-Vocational R. of Appendix 2</u>, SSR 83-10 (1983). The Regulations recognize approximately two hundred occupations for someone capable of performing the full range of sedentary work. *Id.* As relevant here, the sedentary occupational base may be eroded by an environmental restriction, which is "an impairment-caused need to avoid an environmental

4

condition in a workplace." <u>Titles II and Xvi: Determining Capability to Do Other Work-Implications of A Residual Functional Capacity for Less Than A Full Range of Sedentary Work</u>, SSR 96-9P (July 2, 1996). SSR 96-P states that restrictions to avoid exposure to odors or dust must be "evaluated on an individual basis," and the RFC assessed must "specify which environments are restricted and state the extent of the restriction; e.g., whether only excessive or even small amounts of dust must be avoided." *Id.*

Here, the ALJ specified that Plaintiff should "avoid exposure to *excessive* amounts of respiratory irritants such as dust, odors, fumes, gases, and extreme hot and cold temperatures." (R. 13) (emphasis added). Thus, the ALJ complied with SSR 96-9P by identifying which environments are restricted and the extent of the restriction. The same Ruling states that "few occupations in the unskilled sedentary occupational base require work in environments with extreme cold, extreme heat, wetness, humidity, vibration, or unusual hazards." SSR 96-9P. Similarly, the ALJ cited SSR 85-15, which states that "[w]here a person has a medical restriction to avoid excessive amounts of noise, dust, etc., the impact on the broad world of work would be minimal because most job environments do not involve great noise, amounts of dust, etc." <u>Titles II and Xvi: Capability to Do Other Work-Themedical-Vocational R. As A Framework for Evaluating Solely Nonexertional Impairments</u>, SSR 85-15 (1985). Therefore, the Court finds that the ALJ did not err in concluding that Plaintiff's environmental limitations would "have little or no effect on the occupational base of sedentary work," thus making it unnecessary to obtain testimony from a vocational expert.

Finally, even if the ALJ did err in not fully explaining her conclusion, the Court finds that the error was harmless because there is abundant authority that the assessed environmental limitations would have a negligible impact, if any, on Plaintiff's ability to do sedentary work.

5

*See Gishey v. Colvin*, No. 13-CV-1036, 2015 WL 1505674, at *11, 2015 U.S. Dist. LEXIS 43798, at *21–23 (N.D.N.Y. Mar. 31, 2015) (collecting cases).

### IV.  CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that the Report-Recommendation (Dkt. No. 20) is **ADOPTED in its entirety**; and it is further

**ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision & Order to the parties in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated:  September 30, 2022
         Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge